UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| XAVIER M. MILLER, | ) |
|              Plaintiff, | ) ) ) |
|              v. | )     No. 2:19-cv-00564-JRS-MJD |
| CHRISTOPHER NICHOLSON, et al. | ) ) ) |
|              Defendants. | ) |

**ENTRY DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Xavier Miller is an inmate at Wabash Valley Correctional Facility. Because Mr. Miller is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint names five defendants: WVCF Warden Richard Brown; Legal Liaison Mike Ellis; Lieutenant Christopher Nicholson; Sergeant Tracey Cobb; and Sergeant Frank Busby. Mr. Miller brings claims for injunctive relief and damages against the defendants in their individual and official capacities. The complaint's factual allegations, viewed in the light most favorable to Mr. Miller, are as follow.

On May 21, 2019, Mr. Miller set a fire at WVCF. Officers detained him in a holding cell for six-and-a-half hours. During that time, the prison staff packed Mr. Miller's personal property and removed it from his cell. He returned to the empty cell at 10:00 that night, slept there, and was moved to a different housing unit the following day.

Before he set the fire, Mr. Miller had a television in his cell, and it worked properly. When he arrived at his new cell, Mr. Miller asked Sergeant Busby if he would be allowed to have his television there. Sergeant Busby responded that it was "all busted up." Dkt. 1 at 5.

Later, Sergeant Busby said he had confused Mr. Miller's television with a different one. It was not damaged, but Mr. Miller still would not be allowed to have the television in his new cell because it did not have an electrical outlet. *Id.* at 5.

Finally, Mr. Miller received a confiscation slip stating that the prison staff confiscated the television because it was "broken and altered." Sergeant Busby signed the confiscation slip.

Mr. Miller filed numerous administrative grievances about the television. Responses to the grievances were inconsistent. In one, Lieutenant Nicholson stated that no inventory records documented damage to the television and that video was inconclusive. Dkt. 1-3. In another, Lieutenant Nicholson said video showed the television malfunctioning the day *after* it was confiscated from Mr. Miller. Dkt. 1-16.

Mr. Miller alleges that Lieutenant Nicholson and Sergeant Cobb were in his cell while his property was being packed and removed on May 21. He alleges that Warden Brown and Mr. Ellis failed to respond properly to grievances. And he alleges that all five defendants were also defendants in lawsuits Mr. Miller brought before May 21.

### III. Discussion of Claims

Mr. Miller asserts that he is entitled to relief because the defendants retaliated against him in violation of the First Amendment and denied him equal protection of the laws in violation of the Fourteenth Amendment. Neither claim is plausible as alleged in his complaint.

**A.    Retaliation**

Mr. Miller alleges that the defendants damaged his television in retaliation for the earlier lawsuits he brought against them. To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) []he engaged in activity protected by the First Amendment; (2) []he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity []he engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (internal citations omitted).

At minimum, Mr. Miller failed to allege facts to support the third element of his retaliation claim. Retaliation requires "an indication of a causal link between the protected act and the alleged retaliation." *Roger Whitmore's Auto Servs. v. Lake Cnty., Ill.*, 424 F.3d 659, 669 (7th Cir. 2005). "The evidence"—or, at the pleading stage, the allegations—"used to establish this element may be either direct or circumstantial." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008). Circumstantial indicia of retaliatory motive might take the form of suspicious timing, a pretextual explanation for the defendant's conduct, or evidence that similarly situated persons were treated differently. *See Gracia v. SigmaTron Internat'l*, 842 F.3d 1010, 1019–21 (7th Cir. 2016).

Mr. Miller's complaint alleges none of the above. There is no indication that, for example, Mr. Miller's television was damaged soon after he brought a different lawsuit, or that, around the same time, the defendants were involved in confiscating property from other prisoners and did not damage it. The complaint simply does not allege facts that support a reasonable inference that Mr. Miller's previous lawsuit against the defendants motivated them—to any degree—to damage or deprive him of his television.

**B.      Equal Protection**

Mr. Miller asserts that the defendants violated his Fourteenth Amendment right to equal protection of the laws. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). To establish a violation of the Equal Protection Clause, the plaintiff must prove that the defendants' actions "'had a discriminatory effect' and that the defendants 'were motivated by a discriminatory purpose.'" *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001)).

The complaint does not allege that Mr. Miller belongs to a suspect class, nor does it allege that the defendants discriminated against him because he belongs to a suspect class. The complaint does not allege that the prison staff treated him different from other inmates who behaved similarly. No allegations in the complaint support a conclusion that the defendants damaged or confiscated

4

Mr. Miller's television based on a discriminatory purpose or that their actions had a discriminatory effect. No equal protection claim may move forward.

### IV. Conclusion and Further Proceedings

For the reasons discussed in Part III, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted**.**

Mr. Miller shall have **through March 2, 2020**, to file an amended complaint that resolves the deficiencies discussed in this Entry. The amended complaint must include the case number associated with this action, no. 2:19-cv-00564-JRS-MJD. It will completely replace the original complaint, and it will be screened pursuant to § 1915A(b), so it must include all defendants, claims, and factual allegations Mr. Miller wishes to pursue in this action. If Mr. Miller fails to file an amended complaint within the time provided, the Court will dismiss this action with prejudice— and without further warning or opportunity to show cause.

Mr. Miller's motion to amend the complaint strictly for the purpose of adding a jury trial demand, dkt. [6], is **denied as moot**. Mr. Miller may add his jury trial demand if he opts to file an amended complaint.

**IT IS SO ORDERED.**

Date: 2/5/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

XAVIER M. MILLER
201448
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

5